United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUGENE HART,

Plaintiff,

v.

S.F. DEPARTMENT OF ELECTIONS, et al.,

Defendants.

Case No. 26-cv-10298-KAW

**ORDER GRANTING IN FORMA PAUPERIS APPLICATION; REASSIGNING CASE TO DISTRICT JUDGE; REPORT AND RECOMMENDATION TO DISMISS**

Re: Dkt. Nos. 1, 2

On September 11, 2026, Plaintiff Eugene Hart filed this civil action and application to proceed *in forma pauperis*. The Court GRANTS Plaintiff's application to proceed *in forma pauperis*. Having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and, for the reasons set forth below, the Court REASSIGNS the case to a district judge and RECOMMENDS that the case be dismissed without prejudice.

## I. LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

A complaint may also be dismissed for failure to state a claim because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122,

United States District Court
Northern District of California

1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II. DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

Here, Plaintiff appears to assert federal question jurisdiction based on his suing the U.S. government, federal agency, or a federal official in their official capacity. (Compl. at 2, Dkt. No. 1.) As is common with Plaintiff's previous cases, however, Plaintiff appears to be suing private individuals, one of which allegedly works for the San Francisco Department of Elections. (*Id.* at 1-2.) As none of these individuals or the San Francisco Department of Elections appear to be federal agencies or officials, there is no federal question jurisdiction in this case.

Moreover, Plaintiff again fails to state a viable claim. Rather, Plaintiff complains that his information is being used for elections run by the government, and asserts that the election system may get hacked and breached. (Compl. at 3-4.) Based on that, Plaintiff brings a claim for "Rule of law or color of law," which is not a claim. (Compl. at 5-6.) Therein, Plaintiff compares the law to "a female that cast judgment on everything they see me do" and "my uncle's ex-wife." (*Id.*)

In short, as with his many other cases, Plaintiff fails to assert jurisdiction or state a claim. Accordingly, the Court recommends that the case be dismissed without prejudice for lack of jurisdiction. The Court observes that since the filing of this case, Plaintiff has been declared a vexatious litigant and is now subject to a pre-filing review requirement. (*See* 26-cv-4731-RFL, *Hart v. Lewis*, Dkt. No. 10 (Sept. 18, 2026).)

**III. CONCLUSION**

For the reasons set forth above, the allegations in Plaintiff's complaint are insufficient under 28 U.S.C. § 1915(e)(2). The Court RECOMMENDS that the case be dismissed without prejudice for lack of subject matter jurisdiction and because Plaintiff fails to state a claim.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Control Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO ORDERED.

Dated: September 28, 2026

Kandis Westmore

KANDIS A. WESTMORE
United States Magistrate Judge